IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MICHAEL RICHMOND, #58670                                                            PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 2:12-cv-67-KS-MTP

RON KING, DEBRA PLATT
and JOY ROSS                                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Michael Richmond, an inmate currently confined in Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are Ron King, Superintendent of South Mississippi Correctional Institution (SMCI); Debra Platt, a lieutenant; and Joy Ross, a lieutenant. Plaintiff is requesting monetary damages, that "all RVRs in this matter be dismissed" and that the SMCI disciplinary department be investigated.

I. Background

Plaintiff states in his complaint [1] and response [11] that while he was housed at SMCI he was charged with three separate Rule Violation Reports (RVR), #1210104, #1210114, and #1210118, dated March 5, 2012. The first RVR, #1210104, charged Plaintiff with assaulting another offender; the second RVR, #1210114, with being in a restricted or unauthorized area; and the third RVR, #1210118, with having a sharp instrument in his possession. Resp. [11-1] at pp. 1-3. Plaintiff complains that he was not afforded a proper investigation and a chance to call witnesses during his disciplinary hearing. Compl. [1] at pp. 4-5. Because Defendants Platt and

---

[1]At the time Plaintiff filed the instant civil action on April 24, 2012, he was housed in South Mississippi Correctional Institution, Leakesville, Mississippi.

Ross did not allow him to call witnesses and refused to conduct a proper investigation, Plaintiff asserts that they failed to comply with the policy and procedures of the Mississippi Department of Corrections. *Id*.

## II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[2] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983.

### A. Rule Violation Reports

Initially, this Court finds that Plaintiff claims relating to the RVRs #1210104, #1210114 and #1210118 cannot be maintained in the instant civil action.[3] To invoke the protections of the

---

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

[3] Plaintiff provided this Court with a copy of the RVRs, including the results of the disciplinary proceedings which was based on the RVR, investigation and at the staff request, attached to his response [11] filed May 22, 2012. Plaintiff received the following punishment for each RVR: (a) #1210104 - "recommend custody review; assignment to Disc. Seg. max 20 days; restriction of all privileges not to exceed 2 months excluding exercise periods Beg. June 22, 2012 to Aug. 21, 2012; Loss of up to 180 earned time"; (b) #1210114 - "recommend custody review; Restriction of all privileges not to exceed one month excluding exercise periods Beg. May 8 2012 to June 7, 2012; 3 B violations within 6 months loss 30 days earned time"; and (c) #1210118 - "recommend custody review; assignment to Disc. Seg. max 20 days; restriction of all privileges not to exceed 2 months excluding exercise periods Beg. Sept. 5, 2012 to November 4, 2012; Loss of all earned time". See Resp. [11-1] at pp. 1-3.

2

due process clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison privileges for 30 days. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997)(inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest). Additionally, Plaintiff being placed in segregation as a result of a disciplinary hearing did not result in the plaintiff suffering an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest). Finally, Plaintiff does not have a constitutional right to a particular custody classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Hence, a custody review as part of Plaintiff's punishment does not impose an "atypical and significant hardship" on him. Therefore, Plaintiff has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

### B. Trusty earned time credits

Liberally construing the Plaintiff's request that the RVRs be "dismissed," this Court finds this request as seeking the restoration of the earned time credits which, if granted, would result in Plaintiff receiving an accelerated release. As such, a § 1983 civil action is not the proper vehicle to pursue that request. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) *cert.*

*denied*, 525 U.S. 1151 (1999). Plaintiff must pursue his request for the restoration of earned time credits through a petition for habeas corpus relief which requires him to exhaust his available state remedies. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(The United States Supreme Court found that habeas corpus was the exclusive remedy for a claim of restoration of good time credits because "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits" and would imply a speedier release from prison.). According to the allegations of the complaint [1] and response [11], Plaintiff fails to establish that he has exhausted his available state remedies as required to pursue this matter as a habeas request.[4] *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Consequently, this complaint will not be liberally construed as a petition for habeas corpus relief.

Moreover, a state prisoner's claim for damages relating to the denial of his earned time credits are not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits. *See Edwards v. Balisok*, 520

---

[4]Plaintiff indicates that he presented to the MDOC's Administrative Remedy Program a claim relating to the RVRs he received. *See* Compl. [1] at p.3. If Plaintiff does not receive the requested relief concerning his earned time credits through MDOC's Administrative Remedy Program, there is an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administrative Remedy Program. *See* Miss. Code Ann. § 47-5-807 (1972), as amended; *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010)(inmate appealed MDOC's denial of administrative remedy regarding earned time credit).

U.S. 641, 648 (1997)(A § 1983 civil action for damages concerning a disciplinary hearing which would necessarily imply the invalidity of the prisoner's "conviction" in the disciplinary proceeding or the length of his confinement is barred unless the *Heck* conditions are met). Plaintiff states in his response [11] filed May 22, 2012, that the disciplinary hearings which are the subject of the instant civil action have not been invalidated. Thus, Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued. *See Heck*, 512 U.S. at 489-90. Consequently, he cannot maintain this action against the named Defendants.

### III. Conclusion

As discussed above, Plaintiff's claims relating to the RVRs do not rise to the level of a constitutional deprivation. Therefore, those claims are frivolous pursuant to 28 U.S.C. § 1915. As for the dismissal of the RVRs which could result in the restoration of earned time credits, this claim is habeas in nature and cannot be maintained as a § 1983 action. Finally, the claim for monetary damages presented in the instant civil action concerning the restoration of his earned time credits have not yet accrued and therefore, he has failed to state a claim upon which the requested relief may be granted. Consequently, Plaintiff's instant cause of action will be dismissed with prejudice.[5]

### IV. Three-strikes provision

Since this civil action filed pursuant to 42 U.S.C. § 1983 is being dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to 28 U.S.C.

---

[5]"Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

§ 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, it will be counted as a "strike". If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  17th  day of September, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE